UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR BROOKS, JR., | No. 2:22-cv-01967-DAD-CKD P |
| Plaintiff, | |
| v. | ORDER |
| PATRICK COVELLO, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On May 19, 2023, the court dismissed plaintiff's complaint for failing to state a claim for relief but granted him leave to amend. ECF No. 9. Following several extensions of time, plaintiff filed a first amended complaint that is now before the court for screening. ECF No. 19.

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

## II. Allegations in the First Amended Complaint

While an inmate at Mule Creek State Prison ("MCSP"), plaintiff's right hand was operated on by Dr. Dowbak, who is named as a defendant in this action, and is an orthopedic surgeon at San Joaquin General Hospital. Plaintiff alleges that defendant Dowbak has a contract with CDCR to provide inmates with medical treatment. Plaintiff indicates the defendant Dowbak initially told him that he needed to see a specialist, but he eventually performed the operation himself even though he was not qualified to do so. This caused plaintiff extreme pain in his right hand as well as a physical protrusion from his hand that persists. Plaintiff also has a more limited range of motion in his hand as a result of this surgery.

Plaintiff also identifies his primary care physicians at MCSP and the California Health Care Facility ("CHCF"), where he is currently an inmate, as additional defendants in this action for disregarding his serious medical need for pain management both prior to and after his hand surgery. The PCP at Mule Creek refused to refer plaintiff to a specialist for the deformity to his hand that was not corrected by the surgery. Plaintiff also contends that his PCP at CHCF told him that he would not get any continued treatment for his hand unless he withdrew his health care appeals.

The remaining defendants in the amended complaint were responsible for reviewing plaintiff's health care grievances related to his hand surgery. Dr. Ullery at MCSP reviewed the health care appeal at the institutional level and failed to accurately record plaintiff's statements. Nurse King interviewed plaintiff for his health care grievance and also failed to accurately record plaintiff's statement. Defendant Gates, the Chief Appeals Analyst responsible for reviewing plaintiff's health care grievance, disregarded the serious medical issues that were raised in it.

## III. Legal Standards

Based on his pro se status, the court provides plaintiff with the following legal standards governing his potential claims for relief in deciding whether to file a second amended complaint.

### A. Grievance Administrators

The existence of a prison grievance procedure establishes a procedural right only and "does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495

2

1  (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)
2  (no liberty interest in processing of appeals because no entitlement to a specific grievance
3  procedure).  This means that a prison official's action in reviewing an inmate grievance cannot
4  serve as a basis for liability under Section 1983.  Buckley, 997 F.2d at 495.  "Only persons who
5  cause or participate in the violations are responsible.  Ruling against a prisoner on an
6  administrative complaint does not cause or contribute to the violation.  A guard who stands and
7  watches while another guard beats a prisoner violates the Constitution; a guard who rejects an
8  administrative complaint about a completed act of misconduct does not." George v. Smith, 507
9  F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

### B. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

### C. Doe Defendants

Plaintiff identifies two defendants whose names are not included in the amended complaint. "As a general rule, the use of Doe defendants is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons. Gillespie, 629 F.2d at 642. "While Doe pleading is disfavored, it is not prohibited in federal practice." Lopes v. Vieira, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008). Although the use of unnamed Doe defendants is acceptable to withstand dismissal at the initial screening stage, service of process for these defendants will not be ordered until such time as plaintiff has: 1) identified them by their real names through discovery; and, 2) filed a motion to amend the complaint to substitute their real

names.  See Mosier v. Cal. Dep't of Corr. & Rehab., 2012 WL 2577524, at *3, 2012 U.S. Dist. LEXIS 92286, at * 8-9 (E.D. Cal. July 2, 2012), Robinett v. Correctional Training Facility, 2010 WL 2867696, at *4, 2010 U.S. Dist. LEXIS 76327, at * 12-13 (N.D. Cal. July 20, 2010).

### IV.     Analysis

Having conducted the required screening with respect to plaintiff's amended complaint and liberally construing all claims for relief, the court finds that plaintiff has stated valid Eighth Amendment deliberate indifference claims against defendant Dowbak as well as the unnamed primary care physicians at MCSP and CHCF.  Because the primary care physicians are not identified by name, the court is not able to order service of process on these defendants at this time.

With respect to the other defendants, the allegations do not amount to claims upon which plaintiff may proceed.  The remaining defendants in the amended complaint reviewed plaintiff's health care grievances.  This does not provide a basis for § 1983 liability.  Buckley, 997 F.2d at 495.  Therefore, the amended complaint fails to state a claim against defendants Ullery, King, and Gates.

To the extent that plaintiff alleges a retaliation claim against his primary care physician at CHCF, the court does not find that this rises to the level of a valid First Amendment claim. Plaintiff does not allege that this defendant's actions chilled the actual exercise of his First Amendment rights and did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005).  Therefore, plaintiff has failed to sufficiently plead a valid First Amendment retaliation claim against this defendant.

At this point, plaintiff has two options: 1) proceed immediately on the Eighth Amendment deliberate indifference claims against defendants Dowbak and the primary care physicians at MCSP and CHCF; or 2) attempt to cure the deficiencies identified in this order by filing a second amended complaint.

### V.     Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode,

423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes any prior complaints.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**VI.     Plain Language Summary of this Order for a Pro Se Litigant**

Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not.  You have a choice to make.  You may either (1) proceed immediately on the Eighth Amendment deliberate indifference claims against defendant Dowbak and voluntarily dismiss the other claims and defendants; or, (2) try to fix the problems identified in this order by amending the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice the remaining claims and defendants.

If you choose to file a second amended complaint, it must include all claims you want to bring.  Once an amended complaint is filed, the court will not look at any information in the

5

original complaint. Any claims and information not in the first amended complaint will not be considered.

Once you decide how you want to proceed, you must complete the attached notification and return it to the court. After the court receives the notice, it will issue an order telling you what you need to do next (i.e. file a second amended complaint or wait for defendant Dowbak to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. After screening the first amended complaint, plaintiff has the option to proceed immediately on his Eighth Amendment deliberate indifference claims against defendant Dowbak and the unnamed primary care physicians at MCSP and CHCF[1], or he may amend the complaint to fix the defects identified in this order.

2. Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed on the claims identified in this order or file a second amended complaint. If plaintiff does not return the form, this action will proceed on the claims found cognizable in this screening order.

Dated: August 5, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/broo1967.option.FAC

---

[1] If plaintiff chooses this option, the court will order the United States Marshal to serve defendant Dowbak because the remaining two primary care physicians are not identified by name and therefore cannot be served with process at this juncture.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR BROOKS,<br><br>        Plaintiff,<br><br>    v.<br><br>PATRICK COVELLO, et al.,<br><br>        Defendants. | No.  2:22-cv-01967-DAD-CKD<br><br>NOTICE OF ELECTION |

**Check one**:

_____ Plaintiff wants to proceed immediately on the Eighth Amendment deliberate indifference claims against defendant Dowbak and the unnamed primary care physicians at MCSP and CHCF. He chooses to voluntarily dismiss the remaining claims and defendants in this action.

    **OR**

_____ Plaintiff wants time to file a second amended complaint.

DATED:

Plaintiff's Signature